﻿Citation Nr: AXXXXXXXX
Decision Date: 08/29/19 Archive Date: 08/29/19

DOCKET NO. 190415-13303
DATE: August 29, 2019

REMANDED

Entitlement to service connection for a heart disease, to include ischemic heart disease and coronary artery disease (CAD), to include as due to herbicide agent exposure is remanded.

Entitlement to service connection for diabetes, to include as due to herbicide agent exposure is remanded.

REASONS FOR REMAND

The Veteran had active service in the United States Army from March 1962 to December 1968. 

A brief review of the procedural history of the Veteran’s claim is instructive. This appeal comes to the Board of Veterans’ Appeals (Board) from a January 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). Subsequently, the Veteran opted into the Appeals Modernization Act (AMA) review system by submitting a VA Form 10182 Decision Review Request: Board Appeal (NOD) in April 2019. The Veteran selected the Direct Review Lane, in which the Board’s decision would be based on the evidence of record at the time of the prior decision. No hearing was requested. 

1. Entitlement to service connection for a heart disease, to include ischemic heart disease and CAD to include as due to herbicide agent exposure is remanded.

2. Entitlement to service connection for diabetes, to include as due to herbicide agent exposure is remanded.

The Veteran is seeking service connection for diabetes and heart disease, to include as due to herbicide agent exposure. The Veteran contends that he was exposed to Agent Orange during his time in the military. He contends that he flew to Vietnam several times to pick up patients while assigned to the 249th general hospital unit to bring them back to Japan to receive medical treatment. See December 2018 Statement in Support of Claim. 

The law provides a presumption of service connection for certain diseases that are associated with exposure to herbicide agents and that become manifest within a specified time period in a Veteran who, during active military, naval, or air service, served in the Republic of Vietnam or in or near the Korean demilitarized zone (DMZ) during specified periods of time, even if there is no record of evidence of such disease during the period of service. See 38 U.S.C. § 1116; 38 C.F.R. § 3.307(a)(6). 

Diabetes mellitus, coronary artery disease, and ischemic heart disease are among those diseases for which presumptive service connection is available and must manifest to a degree of 10 percent or more at any time after the last exposure to the specific herbicide agents. 38 U.S.C. § 1116(a)(2); 38 C.F.R. § 3.309(e). 

An August 2018 private treatment record shows that the Veteran has been diagnosed with coronary artery disease and type II diabetes. Thus, if it is shown that the Veteran was exposed to herbicide agents during his active service, service connection for these disabilities would be warranted.

Whether the Veteran was so exposed remains at issue. As despite the Veteran’s contentions, the RO has noted that the Veteran’s service personnel records do not reflect service or temporary duties in the Republic of Vietnam during the applicable presumptive period. 

Despite this finding, the Board determines that additional research is warranted. On remand, the RO should contact the Joint Services Records Research Center (JSRRC) that the Veteran was exposed to herbicide agents while he was in Vietnam during the time he was assigned to the 249th general hospital unit. 

The matters are REMANDED for the following action:

Attempt to verify the Veteran’s exposure to herbicides consistent with his service in the 249th general hospital unit. It should be verified whether the Veteran was in the Republic of Vietnam during his service from March 1962 to December 1968. The JSRRC’s response should be documented in the claims file. 

 

 

Evan M. Deichert

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Crawford, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.